Hon. JAMES F. BRADY, adjudged the document not to be testamentary in character and directed that it be set aside and annulled. At the same time the auditing judge ordered distribution of the net estate, available for such purpose, to the decedent's heirs or next of kin under the intestate law and entered a decree nisi to that end.

The sole claimant of the estate under the alleged will filed exceptions to the adjudication and decree, which exceptions remained undisposed of at the time of Judge BRADY'S sudden and unexpected death. The exceptions were reargued before Judge SIROTNAK, the successor Orphans' Court Judge of the 45th Judicial District, who duly entered a final decree dismissing the exceptions and confirming absolutely the adjudication and decree of distribution theretofore entered. In support of this action, the court relied on the following cogent reasoning of Judge BRADY, "It is true that the form of the instrument is immaterial if the substance is testamentary. The paper before us is neither testamentary in form nor in substance. A sensible and realistic view of the document compels the finding it is without animus testandi and is no more than a collection of notes, memoranda and reminders for decedent's use at a future date."

With that conclusion we are in complete accord.

Decree affirmed at appellant's costs.

## Commonwealth *v.* Minnesota Mining and Manufacturing Company, Appellant.

Argued January 10, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John L. Connolly*, with him *William J. Begley*, and *Eastburn, Begley, Mandio, Kelton & Popkin*, for appellant.

*Edward Friedman*, Deputy Attorney General, with him *Anne X. Alpern*, Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, March 13, 1961:

The judgment of the Court below is affirmed on the opinion of President Judge KARL E. RICHARDS.